**Tony MANNS, Petitioner–Appellant**

v.

**J.P. YOUNG, Respondent–Appellee.**

**No. 11–31093**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 21, 2012.

Tony Manns, Pollock, LA, pro se.

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM: *

Tony Manns, federal prisoner # 04916–032, appeals following the district court's dismissal of his 28 U.S.C. § 2241 petition wherein he sought to challenge his convictions for robbing two pharmacies, drug trafficking, and using a firearm during a drug trafficking offense. Manns argued that he was denied counsel at a critical stage of his prosecution. The district court determined that Manns could not proceed under § 2241 because he was not

challenging the execution of his sentence and because he had not met his burden of proving that his § 2241 petition came within the "savings clause" of 28 U.S.C. § 2255.

Manns's argument that *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), guarantees him the right to bring a denial of counsel claim under § 2241 is without merit. In 1948, Congress enacted § 2255 and made it the main provision governing collateral attacks on convictions for federal prisoners. *Reyes–Requena v. United States*, 243 F.3d 893, 901 & n. 18 (5th Cir.2001). Although a federal prisoner may still proceed under § 2241 if he meets the requirements of the savings clause in § 2255, *id.* at 901, Manns has not even attempted to make such a showing. Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.